**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EVANSTON INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                  Case No. 6:11-cv-1190-Orl-31DAB

**FIREMAN'S FUND INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; SEASIDE CONSTRUCTION, INC.; and PALMER ELECTRIC COMPANY,**

        **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 11) filed by Defendant Palmer Electric Company ("Palmer Electric") and the response (Doc. 28) filed by the Plaintiff, Evanston Insurance Company ("Evanston").

This is an insurance coverage dispute. The underlying dispute involves an individual named Brian Kahn ("Kahn"), who is not a party to this case. Kahn contracted with Defendant Seaside Construction, Inc. ("Seaside") to do some work on real property he owned in Windermere. Seaside subcontracted with Palmer Electric to perform electrical work. The Windermere property was subsequently damaged by fire. Kahn's insurer, Defendant Fireman's Fund Insurance Company ("Fireman's Fund"), contends that it has paid more than $8 million to Kahn as a result of the fire. Fireman's Fund has brought suit in state court against Seaside and Palmer Electric, alleging that the fire resulted from their negligence or caused more damage because of it.

Evanston provided insurance coverage to Seaside. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") provided insurance coverage to Palmer Electric. In the instant suit, Evanston seeks a declaratory judgment that, among other things, Seaside is an additional insured under Palmer Electric's policy with Liberty Mutual.

Palmer Electric seeks to be dismissed as a party to this case on the grounds that there is no justiciable controversy between itself and Evanston. But this is not the test for whether a particular entity such as Palmer Electric is properly a party to a declaratory judgment action. Rather, it is the test for whether a court may exercise jurisdiction over an action in which a party seeks a declaratory judgment. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In the instant matter, there is clearly an actual controversy between, at a minimum, Evanston and Liberty Mutual as to the rights of Evanston's insured under Liberty Mutual's policy with Palmer Electric.

In regard to Palmer Electric, the Declaratory Judgment Act goes on to provide that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted . . . against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. If Evanston were to succeed in establishing that Seaside is an additional insured under Palmer Electric's policies with Liberty Mutual, the amount of insurance coverage available to Palmer Electric would be diminished. Accordingly, Palmer Electric's rights may be affected by the outcome of this matter, and its interest is adverse to that of Evanston. As such, it is properly a party to this declaratory judgment action. *See also* Fed.R.Civ.P. 19(a)(1)(B)(i) (providing that an entity must be joined as a party, if feasible, if that entity "claims an interest relating to the subject

of the action and is so situated that disposing of the action in [the entity's] absence may, as a practical matter, impair or impede the person's ability to protect the interest."

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 18, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party