**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EVANSTON INSURANCE COMPANY,**

           **Plaintiff,**

-vs-                                          Case No. 6:11-cv-1190-Orl-31DAB

**FIREMAN'S FUND INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; SEASIDE CONSTRUCTION, INC.; and PALMER ELECTRIC COMPANY,**

           **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 20) filed by Defendant Liberty Mutual Insurance Company ("Liberty Mutual") and the response (Doc. 30) filed by the Plaintiff, Evanston Insurance Company ("Evanston").

This is an insurance coverage dispute. The underlying dispute involves an individual named Brian Kahn ("Kahn"), who is not a party to this case. Kahn contracted with Defendant Seaside Construction, Inc. ("Seaside") to do some work on real property he owned in Windermere. Seaside subcontracted with Defendant Palmer Electric Company ("Palmer Electric") to perform electrical work. The Windermere property was subsequently damaged by fire. Kahn's insurer, Defendant Fireman's Fund Insurance Company ("Fireman's Fund"), contends that it has paid more than $8 million to Kahn as a result of the fire. Fireman's Fund has brought suit in state court

against Seaside and Palmer Electric, alleging that the fire resulted from their negligence or caused more damage than it otherwise would have caused because of it.

Evanston provided insurance coverage to Seaside. Liberty Mutual provided insurance coverage to Palmer Electric. In the instant suit, Evanston seeks a declaratory judgment that, among other things, Seaside is an additional insured under Palmer Electric's policy with Liberty Mutual. Liberty Mutual now seeks dismissal of the Complaint (Doc. 1) on the grounds that Evanston has failed to plead the basis upon which Seaside purportedly qualifies as an additional insured under the Liberty Mutual/Palmer Electric policy.

This is a diversity case. In diversity cases seeking declaratory relief, the federal court applies state law on substantive issues, but federal law controls the issue of whether the court may properly render a declaratory judgment. *See*, *e.g.*, *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1332-33 (11th Cir. 1989), *abrogated on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). In federal court, a motion to dismiss a complaint seeking a declaratory judgment is addressed to the discretion of the trial court. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). As set forth in the Complaint, the instant case involves an actual controversy – the obligation, if any, to defend and indemnify Seaside in the state court suit filed by Fireman's Fund – and it lies within this Court's discretion to declare Evanston's responsibilities on that score *vis-a-vis* Liberty Mutual.

For its part, Liberty Mutual argues that Seaside cannot possibly be an additional insured under the Palmer Electric policy.  In support of this argument, Liberty Mutual goes through the policy line by line, explaining how Seaside falls outside some categories and fails to qualify for others.  In essence, by way of this motion, Liberty Mutual seeks the same thing that Evanston seeks – a declaratory judgment in its favor regarding its obligations, if any, toward Seaside.  Such a merits determination is premature at this stage of the proceedings.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 17, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party